**R.W. BOYDSTUN and Coleen
S. Boydstun, Appellants,**

v.

**Bobby Gene REED, Appellee.**

No. 1:96CV25–S.

United States District Court,
N.D. Mississippi,
Eastern Division.

April 9, 1998.

William L. Bambach, Columbus, MS, for Appellants.

Charles T. Yoste, Starkville, MS, for Appellee.

## OPINION

SENTER, Chief Judge.

This cause is before the court upon an interlocutory appeal of an order entered by the United States Bankruptcy Judge. Appellee filed an adversary proceeding for injunctive relief in the Bankruptcy Court against the appellants based upon violation of the automatic stay. After the Bankruptcy Judge granted the relief requested, appellants filed a motion to dismiss the adversary proceeding. It is the denial of the motion to dismiss by the Bankruptcy Judge which is before the court in this appeal.

### FACTS

Bobby Gene Reed filed a petition for relief under Chapter 13 in the United States Bankruptcy Court on March 3, 1995. On April 10, 1995, R.W. Boydstun, an attorney licensed to practice law in Mississippi, filed a complaint for replevin, on his own behalf, in the Circuit Court of Winston County against Bobby Gene Reed to recover a "450B Timberjack Grapple Skidder, SN# CK2426 valued at $50,000.00."[1] Although he acknowledged that he was aware of the bankruptcy, Boydstun did not seek a lift from the automatic stay. The writ of replevin was executed by the sheriff on April 11, 1995. On the following day, Reed filed an adversary complaint seeking injunctive relief, compensatory and punitive damages for the willful violation by Boydstun of the automatic stay. After hearing the matter on April 13, 1995, Judge Houston orally granted the preliminary injunction. In issuing his ruling Judge Houston said:

> On April the 10th, 1995, a complaint for replevin as to the Timberjack Skidder was filed by Mr. Boydstun. On April the 11th, 1995, the skidder was seized by the Sheriff of Winston County, Mississippi. No relief from the automatic stay was obtained. The reason offered is that the property belongs to Mr. or Mrs. Boydstun and is not

---

1. Reed used the equipment in his logging business. The Boydstuns apparently financed the purchase of the equipment, but neglected to perfect their security interest.

a part of the bankruptcy estate. I would suggest that the parties read Section 541 of the Bankruptcy Code, which clearly indicates that a possessory interest of the Debtor is clearly protected by the automatic stay.

The filing of the complaint in replevin and the seizure of this skidder is an obvious violation, in the opinion of the Court, of Section 362(a) of the Bankruptcy Code.

To add insult to injury, on the same date the Debtor is arrested on the affidavit of Mr. Boydstun for embezzling the skidder, the identical property placed in the Debtor's possession by Mr. Boydstun, under what the Court has perceived as a title retention sales contract.

The Court does not have before it today a complaint for false arrest, only the issue of what relief should be granted because of a violation of the Bankruptcy Code's automatic stay, fortunately.[2]

Three months later, Boydstun, acting as his own attorney, moved to dismiss the complaint reiterating the legal argument he presented in his answer to the adversary complaint.[3] In his motion to dismiss, Boydstun "vehemently" denied that he violated the automatic stay and offered as legal support 11 U.S.C. § 362(b)(1) which provides for the continuation or commencement of criminal proceedings against a debtor after the filing of a bankruptcy petition without violating the automatic stay. Boydstun offered further complaints concerning Reed in his motion, but failed to instruct the court, either legally or factually, how those complaints would allow the court to dismiss the adversary proceeding. Judge Houston denied Boydstun's motion to dismiss on August 11, 1995. Thereafter, Boydstun filed his notice of appeal.

2. Judge Houston ordered that the skidder be returned to Reed.

3. In his answer, Boydstun, denied that he had violated the automatic stay stating:
that the property had previously been wrongfully converted by debtor to his own use and had committed a criminal act which is not protected, and is not intended to be protected

## THE APPEAL

As perceived by the appellants, the issues are as follows:

1. Whether criminal actions instigated after the filing of bankruptcy by a creditor for embezzlement against a Debtor violates the automatic stay;

2. Whether the bankruptcy court erred in finding that there was a substantial possibility that the Debtor will succeed on the merits of his claim that the creditor violated the automatic stay; and

3. Whether the bankruptcy court's finding that the Debtor had a "possessory interest" in the property was clearly erroneous since the contract was properly terminated prior to the filing of the bankruptcy petition.

Issues number two and three are not properly before this court. Issue number two clearly restates, as applied to the facts in the case at bar, one of the elements required for the granting of a preliminary injunction. Issue number three pertains to a finding of fact by Judge Houston in granting the temporary relief. The appellants bring this appeal on the denial of their motion to dismiss in which the sole legal argument presented pertains to the affect of the automatic stay on criminal proceedings. Because issues number two and three are not properly before this court, neither will be addressed.

After easily dispensing with two of the appellants' issues, the court turns its attention to issue number one—whether criminal actions for embezzlement violate the automatic stay. In their brief, the appellants proceed to argue, untimely, the injunctive relief granted by Judge Houston. The appellants cite *Younger v. Harris*, 401 U.S. 37, 53, 91 S.Ct. 746, 754–55, 27 L.Ed.2d 669 (1971), for the proposition that state criminal proceedings may be enjoined only when there is a showing of bad faith or harass-

in favor of a debtor against the owner of property such as in this case. The defendant truly apologized to the Court if by any stretch of the imagination it could be said that he violated the Automatic Stay, and would show that he acted in an emergency situation for the protection of his property.

ment. Further, the appellants inform this court that a bankruptcy court in South Dakota held "there was a strong policy against federal interference in state criminal proceedings." Legislative history is provided in the brief by the appellants, once again, for the proposition that criminal actions may proceed in spite of bankruptcy. The appellants conclude their brief by requesting a reversal of the order of the bankruptcy judge and dismissal of the case against the Boydstuns. According to the appellants:

The bankruptcy court was clearly erroneous when it issued a preliminary injunction in the instant case. There is no "substantial probability" that the Debtor will succeed on the merits of his claim. Likewise, the bankruptcy court was clearly erroneous in finding as fact that the Debtor had a "possessory interest" in the subject property. The Debtor had no interest in the equipment at issue on the date bankruptcy was filed. Moreover, the bankruptcy court's order was clearly erroneous because criminal proceedings against a debtor are not subject to the automatic stay.

The appellants very clearly take issue with the relief granted by Judge Houston at the hearing for the preliminary injunction and not, necessarily, the denial of the motion to dismiss. The court acknowledges, however, that the legal argument in the motion to dismiss is actually an appeal of the Judge's determination that there was a substantial likelihood that the appellants had violated the automatic stay. At best, the motion to dismiss could be interpreted as a motion for reconsideration of Judge Houston's order granting temporary injunctive relief. Even if such a filing were procedurally permissible, the motion would have been an untimely filing occurring three months after the granting of relief. That appellants' counsel and the appellant, both licensed attorneys, do not comprehend the importance of perfecting a timely appeal on relief they believe unjust is somewhat disconcerting to this court. More egregious, however, is the manner in which the appellants sought this appeal by stating a legally correct proposition but a proposition not applicable to the facts in this case or the argument set forth in the appeal brief.

The Bankruptcy Code explicitly states that the filing of a petition does not operate as a stay in the commencement or continuation of criminal actions or proceedings against the debtor. 11 U.S.C. § 362(b)(1). Embezzlement is most assuredly a criminal proceeding prosecuted by the state. On the other hand, replevin is a civil action providing the recovery of goods which is initiated by the filing of a *civil complaint*. Regardless of the contortion techniques of the appellants, an action for replevin will always be civil and will always violate the automatic stay when initiated by a creditor against a debtor post-petition. Whether the creditor files criminal charges contemporaneously with the replevin action is irrelevant to the issue of violation of the automatic stay. Boydstun filed a complaint for replevin one month after the filing of the bankruptcy petition without permission to do so.

This court finds that the denial of the motion to dismiss by the Bankruptcy Judge was correct and, therefore, should be affirmed.

## *JUDGMENT AFFIRMING ORDER OF BANKRUPTCY COURT*

In accordance with a memorandum opinion issued concurrently, IT IS HEREBY ORDERED AND ADJUDGED:

That the Order denying the Motion to Dismiss entered by the Bankruptcy Judge is affirmed; and

That the appellants pay to the appellee attorneys' fees and the costs on appeal.

SO ORDERED.